IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| GENZYME CORPORATION and AVENTIS INC., <br><br> Plaintiffs <br><br> v. <br><br> NOVARTIS GENE THERAPIES, INC., NOVARTIS PHARMACEUTICALS CORPORATION, and NOVARTIS AG, <br><br> Defendants. | Civil Action No. 21-1736-RGA |

MEMORANDUM OPINION

David E. Wilks, Scott B. Czerwonka, WILKS LAW, LLC, Wilmington, DE; Paul H. Berghoff, Joshua R. Rich, John Conour, Ph.D., George T. Lyons, III, Bryan G. Helwig, Ph.D., Alexandra E. MacKenzie, Daniel Gonzalez, MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP, Chicago, IL,

    Attorneys for Plaintiffs.

Daniel M. Silver, Alexandra M. Joyce, MCCARTER & ENGLISH, LLP, Wilmington, DE; John Livingstone, Megan Meyers, Shannon Patrick, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP, Atlanta, GA; Amanda Murphy, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP, London, United Kingdom; Cora Holt, Michael Galgano, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP, Washington, DC,

    Attorneys for Defendant Novartis AG.

February 13, 2023



ANDREWS, U.S. DISTRICT JUDGE:

Before me is Defendant Novartis AG's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (D.I. 48). The motion is fully briefed. (D.I. 49, 55, 60). For the reasons set forth below, this motion is GRANTED.

I. **BACKGROUND**

Plaintiffs Genzyme Corporation and Aventis sued Defendants Novartis Gene Therapies, Novartis Pharmaceuticals, and Novartis AG for patent infringement. Novartis Gene Therapies is the division that makes the accused product, Zolgensma. (D.I. 55 at 3). Novartis Pharmaceuticals is the U.S. parent of Novartis Gene Therapies (D.I. 17 ¶ 5). Novartis AG is the overarching Swiss parent. (D.I. 17 ¶ 6). In the Defendants' answer to the complaint, Defendant Novartis AG asserted lack of personal jurisdiction as an affirmative defense. (D.I. 18 at 32). The parties discussed stipulating to the dismissal of Novartis AG but were unable to reach an agreement. (D.I. 49 at 1-2). Novartis AG then filed this motion.

II. **LEGAL STANDARDS**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a party may move to dismiss a case based on the court's lack of personal jurisdiction over that party. Because all claims in this suit are for patent infringement, Federal Circuit law controls the personal jurisdiction analysis. *Pennington Seed, Inc. v. Produce Exch. No. 299*, 457 F.3d 1334, 1343 (Fed. Cir. 2006). Under Federal Circuit law,

> where the district court's disposition as to the personal jurisdictional question is based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only to make a *prima facie* showing that defendants are subject to personal jurisdiction. In the procedural posture of a motion to dismiss, a district court must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor.

*Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003) (citations omitted).

Personal jurisdiction can be waived by any legal arrangement that demonstrates a party's expressed or implied consent to that jurisdiction. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702-04 (1982). Determining whether a corporation consented to the personal jurisdiction of the courts of a particular state is a matter to be determined by examination of the law of that state. *Acorda Therapeutics, Inc. v. Mylan Pharm. Inc.*, 78 F. Supp. 3d 572, 584 (D. Del. 2015), *aff'd*, 817 F.3d 755 (Fed. Cir. 2016). In Delaware, consent may be implicit if a party has filed a related suit with a "logical relationship" to the suit in question. *Foster Wheeler Energy Corp. v. Metallgesellschaft AG*, 1993 WL 669447, at *4 (D. Del. Feb. 7, 2013).

In the absence of consent, "[d]etermining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001). Delaware's long-arm statute "has been broadly construed to confer jurisdiction to the maximum extent possible under the Due Process Clause." *LaNuova D & B, S.p.A. v. Bowe Co.*, 513 A.2d 764, 768 (Del. 1986). However, the personal jurisdictional analysis "must not be collapsed into a single constitutional inquiry." *Power Integrations, Inc. v. BCD Semiconductor Corp.*, 547 F. Supp. 2d 365, 370 n. 3 (D. Del. 2008).

The Delaware long-arm statute reads, in relevant part,[1]

> (c) As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:

---

[1] Plaintiffs do not discuss the applicability of 10 Del. C. § 3104(c)(5) and (6), so I do not consider them.

> (1) Transacts any business or performs any character of work or service in the State;
>
> (2) Contracts to supply services or things in this State;
>
> (3) Causes tortious injury in the State by an act or omission in this State;
>
> (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State;

10 Del. C. § 3104. Section 3104(c)(4) has been interpreted to confer general personal jurisdiction, while § 3104(c)(1-3) have been interpreted as forms of specific personal jurisdiction. *Devicor Medical Products, Inc. v. Biopsy Sciences, LLC,* 2013 WL 486638, at *5 (D. Del. Feb. 7, 2013). General jurisdiction occurs where a defendant's contacts with a state are "so continuous and systematic as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (citation omitted). Specific jurisdiction occurs when a defendant has "purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citation omitted).

Specific personal jurisdiction may exist over a parent company by virtue of its subsidiary's actions in Delaware when the parent "dominates and controls its subsidiary," such that an agency relationship exists. *E.I. du Pont de Nemours & Co. v. Agfa-Gavaert NV*, 335 F. Supp. 3d 657, 670 (D. Del. 2018). Under Delaware law, factors in this analysis include "the extent of overlap of officers and directors, methods of financing, the division of responsibility for day-to-day management, and the process by which each corporation obtains its business." *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1463 (D. Del. 1991). However, the mere incorporation of a subsidiary in Delaware is not a sufficient action for specific

4

jurisdiction, unless the incorporation of the subsidiary is what gave rise to the lawsuit. *AeroGlobal Capital Mgmt., LLC v. Cirrus Indus., Inc.*, 871 A.2d 428, 439 (Del. 2005).

For claims arising under federal law, if a defendant is not subject to jurisdiction in any state's courts of general jurisdiction, a federal court may have jurisdiction if the constitutional requirements for due process are satisfied with respect to the United States as a whole under Federal Rule of Civil Procedure 4(k)(2).

> Rule 4(k)(2) allows a court to exercise personal jurisdiction over a defendant if (1) the plaintiff's claim arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) the exercise of jurisdiction comports with due process. The third requirement under Rule 4(k)(2)—the due process analysis—contemplates a defendant's contacts with the entire United States, as opposed to the state in which the district court sits.

*M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 999 (Fed Cir. 2018) (citations omitted).

A plaintiff may also request jurisdictional discovery. "If a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (citation omitted).

### III. DISCUSSION

#### A. Timeliness

Plaintiffs argue that Novartis AG's motion is procedurally improper because it was filed after Defendants' answer to the complaint, but too soon for any other kind of dispositive motion. (D.I. 55 at 6-7). Defendant notes that it asserted lack of personal jurisdiction as an affirmative defense in its answer. (D.I. 60 at 1). Courts, including this Court, generally allow Rule 12(b) motions filed after the answer to a complaint if the Rule 12(b) defense was raised in the answer.

5

*See, e.g., Martin v. Del. Law Sch. of Widener Univ.*, 625 F. Supp. 1288, 1296 n.4 (D. Del. 1985). *See generally* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1361 n.7 (3d ed. 2022). I conclude that Novartis AG's motion is procedurally proper.

### B. Personal Jurisdiction

#### 1. Consent

Plaintiffs argue that Novartis AG has impliedly consented to jurisdiction in Delaware because it has filed a large number of lawsuits in this court. (D.I. 55 at 5). Plaintiffs assert that Delaware law allows the filing of lawsuits to form the basis of jurisdiction even without "strict identity between the parties." *Id.* At 12. Defendant argues that merely having filed previous lawsuits is not sufficient under Delaware law. Instead, the previous lawsuits would need to have a "logical relationship" with the present suit. (D.I. 60 at 8). Defendant notes that Plaintiffs fail to argue for any logical relationship and only make an argument about the volume of litigation that Defendant has filed here. *Id.*

I agree with Defendant. While the filing of a closely related lawsuit may indicate implied consent in some cases, all the examples Plaintiffs cite either involve the same parties or arise from the same conduct. *See, e.g., Foster Wheeler Energy Corp. v. Metallgesellschaft AG*, 1993 WL 669447, at *4 (D. Del. Jan. 4, 1993) (finding personal jurisdiction over countersuit defendant who had filed a lawsuit against countersuit plaintiff with overlapping facts); *Attorneys Liability Protection Society, Inc. v. Eisenhofer*, 2011 WL 2089718, at *2 (Del. Super. Apr. 29, 2011) (noting that, although plaintiff was not named in a previous class action filed in Delaware by defendant, "both suits are based . . . on the same transaction"). There is no indication that any of the suits filed in this court by Defendant relate to any of the products, patents, or conduct at

issue in the present case. The only common feature that Plaintiffs identify is that they are all patent suits. This is not sufficient to support consent under any case law cited by Plaintiffs.

### 2. General Jurisdiction

Plaintiffs argue that Defendant is subject to general personal jurisdiction based on its "regular and persistent course of conduct in incorporating subsidiaries in Delaware and bringing patent infringement claims in Delaware." (D.I. 55 at 11). Plaintiffs assert further that while general jurisdiction is "usually" found in "the state of incorporation or primary location," it "may be viewed more expansively if those locations do not provide a forum in which to be sued." (D.I. 55 at 10-11). Defendant responds that because Delaware is neither its state of incorporation nor its principal place of business, general jurisdiction would only exist under "exceptional circumstances." (D.I. 49 at 8). Defendant argues that the facts pled by Plaintiffs do not support the presence of such circumstances here.[2] *Id.* at 9.

I agree with Defendant that there are no exceptional circumstances in this case and thus no grounds to expand general jurisdiction beyond state of incorporation or principal place of business. The standard Plaintiffs state for expanding general jurisdiction—"if those locations do not provide a forum in which to be sued"—appears to conflate general personal jurisdiction with jurisdiction under Federal Rule of Civil Procedure 4(k)(2), discussed below. The remainder of Plaintiffs' argument for general jurisdiction is little more than a conclusory statement of the legal standard. Plaintiffs cite no cases to support the proposition that incorporating subsidiaries and bringing patent infringement claims, even regularly, could confer general jurisdiction. Plaintiffs note that these actions are "transaction[s] of business" under Delaware law (D.I. 55 at 10), but at

---

[2] Defendant also observes that Plaintiff does not plead enough facts to support an agency theory of general jurisdiction. (D.I. 49 at 10). Plaintiff does not address this argument, so I will not either.

7

most, individual business transactions would confer specific jurisdiction under the Delaware long-arm statute. 10 Del. C. § 3104(c)(1).

### 3. Specific Jurisdiction

Plaintiffs argue that because Novartis AG is "strongly intertwined" with Novartis Gene Therapies, which is incorporated in Delaware, Novartis AG is subject to specific personal jurisdiction in Delaware. (D.I. 55 at 2). Plaintiffs point to three sets of actions as evidence of Novartis AG's close relationship with Novartis Gene Therapies: "Novartis AG's procurement of Zolgensma intellectual property, requirement that [Novartis Gene Therapies'] CEO report to [Novartis AG's] CEO, and its CEO's direct involvement and management of the Zolgensma franchise (demonstrated at least by the fallout of the data manipulation scandal)." (D.I. 55 at 11). Defendant responds that to find specific personal jurisdiction based on a subsidiary's actions, a party needs to demonstrate an agency relationship between the parent and the subsidiary, as discussed in *E.I. du Pont de Nemours & Co. v. Afga-Gavaert*, 335 F. Supp. 3d at 670. (D.I. 60 at 6). They also note that the ownership of intellectual property is not sufficient to confer personal jurisdiction. *Id.* at 5-6.

It is unclear whether Plaintiff is arguing that Novartis AG is subject to specific personal jurisdiction because of its own action of incorporating a subsidiary that now produces an accused product, or that Novartis AG is subject to specific personal jurisdiction via the actions of its subsidiary in Delaware. In any case, neither argument succeeds. As to the first, the incorporation of a subsidiary can only serve as a basis for personal jurisdiction "where the underlying cause of action arises from the creation and operation of the Delaware subsidiary." *AeroGlobal Capital Mgmt. v. Cirrus Indus.*, 871 A.2d at 439. Since the cause of action is patent infringement, that is not the case here. As to the second, in order to exercise personal jurisdiction over a Delaware

corporation's parent company, Defendant notes correctly that an agency relationship must exist. Plaintiffs should have at least addressed relevant factors, including "the extent of overlap of officers and directors, methods of financing, the division of responsibility for day-to-day management, and the process by which each corporation obtains its business." *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1463 (D. Del. 1991). Plaintiffs do not. The actions Plaintiffs allude to—ownership of intellectual property by the parent, reporting by the CEO of the subsidiary to the CEO of the parent, and commenting by the parent CEO on a data manipulation scandal—seem to be close to the bare minimum of what would be expected between any parent and subsidiary.

### 4. Rule 4(k)(2)

Plaintiffs argue in the alternative that this court has jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(2). (D.I. 55 at 13). The Rule states,

> (2) For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

Fed. R. Civ. P. 4(k)(2). The parties here do not dispute that the claim arises under federal law, nor, for the purposes of this analysis, that Defendant is not subject to jurisdiction in any state's courts of general jurisdiction. This leaves the issue of whether exercising jurisdiction is consistent with the Constitution.

This step looks to whether a defendant's "contacts with the United States, but not with the forum state, satisfy due process." *M-I Drilling Fluids*, 890 F.3d at 999 (quoting *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1296 (Fed. Cir. 2009)). "Due process requires only that in order to subject a defendant to a judgment in

9

personam the defendant must have certain minimum contacts with the forum such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Synthes*, 563 F.3d at 1296 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The due process analysis for Rule 4(k)(2) considers the five *Burger King* factors: "(1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the states in furthering fundamental substantive social policies." *M-I Drilling Fluids*, 890 F.3d at 1002 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. at 477).

Plaintiffs assert that each of the five *Burger King* factors weighs in their favor. (*Id.* at 13-14). Defendant counters that Plaintiffs misapply the due process analysis by failing to first analyze the existence of contacts between Novartis AG and the United States as a whole. (D.I. 60 at 9).

I agree with Defendant that the analysis must begin with an examination of Defendant's contacts with the United States as a whole. Beyond the contacts with Delaware discussed in analyzing general and specific jurisdiction above, Plaintiffs' briefing points to no additional factual allegations about Novartis AG's contacts with the United States.[3] The contacts alleged with Delaware were Defendant's incorporation of subsidiaries, its filing of lawsuits, and its control over its Delaware subsidiaries. Just as they were insufficient under the Delaware long-arm statute, these contacts are not sufficient under the Constitution.

---

[3] Plaintiffs allude in passing to Novartis AG being traded on the New York Stock Exchange, and Novartis AG owning trademarks and patents. (D.I. 55 at 2-3). It makes no suggestion that these facts should play into the Rule 4(k)(2) analysis, and cites no authority to suggest these constitute "contacts" for personal jurisdiction purposes.

10

First, it does not seem that Defendant's contacts are "so continuous and systematic as to render it essentially at home" in the United States, which would be required for general jurisdiction under Rule 4(k)(2). *Daimler*, 571 U.S. at 127 (citation omitted).

Second, the present lawsuit does not "arise out of or relate to [Defendant's] activities" in the United States. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citation omitted). Therefore, since Plaintiffs do not allege the necessary contacts, I do not find jurisdiction under Rule 4(k)(2).

### C. Jurisdictional Discovery

Plaintiffs finally argue that they are entitled to jurisdictional discovery because their claim is not "clearly frivolous" under *Toys "R" Us*. (D.I. 55 at 15). Plaintiffs also point to another case involving Novartis, *Novartis Pharms. Corp. v. Mylan Inc.*, No. 14-cv-777, D.I. 49 at 9, in which I granted jurisdictional discovery. *Id.* Defendant argues that Plaintiffs have not "established with reasonable particularity the possible existence of the requisite contacts needed to obtain jurisdictional discovery." (D.I. 60 at 10). I agree.

Plaintiffs' vague assertions about what they hope to find in jurisdictional discovery place their request in the realm of a "fishing expedition." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010). That I granted jurisdictional discovery to Novartis in an unrelated case is completely irrelevant to whether I should grant such discovery against Novartis in this case. Plaintiffs have failed to meet the "reasonable particularity" standard set forth in *Toys "R" Us*, and instead present what seems to me to be a "clearly frivolous" request. 318 F.3d at 456.

## IV. CONCLUSION

Within five days the parties shall submit a proposed order consistent with this Memorandum Opinion.