IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GENZYME CORPORATION and AVENTIS INC., <br><br> Plaintiffs, <br><br> v. <br><br> NOVARTIS GENE THERAPIES, INC. and NOVARTIS PHARMACEUTICALS CORPORATION, <br><br> Defendants. | Civil Action No. 21-1736-RGA |

MEMORANDUM ORDER

Before me is Plaintiffs' motion for reargument and reconsideration of claim terms I ruled to be indefinite. (D.I. 269). I have considered the parties' briefing. (*Id.*, D.I. 272). For the reasons set forth below, I will **DENY** Plaintiffs' motion.

The disputed claim term is recited in the asserted claims of U.S. Patent Nos. 6,596,535 ("the '535 patent") (claims 1–26 and 28–29), 7,125,717 (claims 1–8, 11–17, and 20), 7,785,888 (claims 1–2, 4, and 6), and 7,846,729 (claims 1–5 and 7–9). (D.I. 268 at 7).[1] The claim term states, "forms intrastrand base pairs such that expression of a coding region of [a] heterologous sequence is enhanced relative to a second rAAV vector that lacks sufficient intrastrand base pairing to enhance said expression." (*Id.*; *see also* '535 patent at 39:44–51). I found that the term is indefinite because "the plain language of the claims that include this claim term is circular," and a person of ordinary skill in the art "reading the disputed claim term in light of the

---

[1] I previously stated, "There is some variation in the actual language in the claims of the different patents, but no one suggests that it makes any difference." (D.I. 263 at 15 n.5).

1

specification could not be reasonably certain of its scope." (D.I. 263 at 18). Plaintiffs move for reargument and reconsideration of that ruling. (D.I. 269).

First, Plaintiffs dispute the following language from my opinion:

> Generally, they agree that an increased ability to form intrastrand base pairs may lead to increased expression of the gene that the sequence is coding. . . . [O]ne could always find a comparator with less intrastrand base pairing that would consequently have less enhanced expression . . . .

(D.I. 263 at 16–17). Plaintiffs argue that "the relationship between intrastrand base pairing and enhanced expression is not linear." (D.I. 269 at 5). They contend there is no enhanced expression below a particular threshold amount of intrastrand base pairing. (*Id.*). The patents, Plaintiffs contend, disclose that the threshold is 25%. (*Id.* at 6 n.1). Plaintiffs argue that expression below this threshold will remain at "a baseline level of expression for a single-stranded vector." (*Id.* at 7). Plaintiffs thus contend that the claim term is not indefinite, as "there is always a definite point of comparison." (*Id.*).[2]

Second, Plaintiffs dispute the following language from my opinion:

> Such a circular definition fails to provide a POSA with any reasonable certainty about how much additional expression is required, not to mention how much intrastrand base pairing is required.

(D.I. 263 at 17). Plaintiffs argue that the amount of additional expression required is "a statistically significant amount above the comparator." (D.I. 269 at 8). They also contend that I treated all asserted claims the same as the "sufficient" claims when considering how much

---

[2] Plaintiffs also contend that a person of ordinary skill in the art would not write a patent claim reciting no intrastrand base pairing because "having absolutely no intrastrand base pairing is an impossibility of molecular biology." (D.I. 269 at 7–8).

intrastrand base pairing is required. (*Id.*).[3] Plaintiffs argue that claims reciting "sequence complexity"[4] require "100% or virtually so" of intrastrand base pairing, while claims reciting "pairing 'along most or all' of their length"[5] require more than 50% of intrastrand base pairing. (*Id.*). Plaintiffs thus contend that the "sequence complexity" and "along most or all" claims recite "a well-defined number of intrastrand base pairs." (*Id.*).

Third, Plaintiffs dispute the following language from my opinion:

> My understanding from oral argument is that, depending on the "stuffer" used in a comparator, the amount of intrastrand base pairing—and the resulting level of expression—could vary, perhaps even widely.

(D.I. 263 at 17). Plaintiffs contend that the record does not support my conclusion. (D.I. 269 at 9). They argue that stuffer sequences do not have any biological effect, so they do not enhance expression. (*Id.*). Plaintiffs contend that a person of ordinary skill "would know not to use a stuffer with a large number of palindromic sequences." (*Id.*).[6]

Defendants argue Plaintiffs merely present "the same issues the Court already addressed and resolved." (D.I. 272 at 2).

First, regarding the relationship between intrastrand base pairing and enhanced expression, Defendants contend that Plaintiffs are advancing "new, attorney-created illustrations" by now arguing there is a threshold amount of pairing. (*Id.* at 3). Defendants argue

---

[3] *See, e.g.*, '535 patent at 39:44–51 (independent claim 1) (reciting that expression "is enhanced relative to a second rAAV vector that lacks sufficient intrastrand base pairing to enhance said expression . . .").

[4] *See, e.g.*, *id.* at 39:52–56 (dependent claim 2).

[5] *See, e.g.*, *id.* at 39:59–61 (dependent claim 4).

[6] Plaintiffs further argue that I should, at the very least, defer ruling on the indefiniteness issue. (D.I. 269 at 10). Defendants disagree, arguing the issue has been fully briefed. (D.I. 272 at 9).

that Plaintiffs have "oscillated between the comparator being an rAAV vector with *zero* intrastrand base pairing . . . and the comparator being an rAAV vector with perhaps *some* intrastrand base pairing." (*Id.*). Defendants further contend that the record does not support Plaintiffs' argument. (*Id.* at 4).[7]

Second, regarding asserted claims that recite "sequence complexity" and "along most or all," Defendants contend Plaintiffs are advancing a new argument. (*Id.* at 5). Beyond forfeiture, Defendants contend that Plaintiffs' position does not resolve the indefiniteness issue. (*Id.* at 5–6). Defendants argue that the patents' specifications neither mention statistical significance nor suggest what kind of enhancement would be statistically significant. (*Id.* at 7). Defendants also argue that even if a person of ordinary skill could specify the percentage of base pairing for a vector, the patents do not teach "how many intrastrand base pairs are contiguous, [and] whether they are in a coding region, adjacent to a terminus, or near the center of the molecule." (*Id.* at 6).

Third, regarding stuffer sequences, Defendants contend that full-size vectors with stuffers contain "an indeterminate amount" of intrastrand base pairing, and a person of ordinary skill would choose stuffer sequences that reduce the amount of pairing in the comparator. (*Id.* at 8). Regardless of a stuffer's impact on base pairing and expression, however, Defendants argue that my decision "was independent from this fact." (*Id.*).

Motions to reconsider are disfavored. *See* D. Del. LR 7.1.5(a) ("Motions for reargument shall be sparingly granted."); *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe v. Quinteros*, 176 F.3d

---

[7] Defendants also contend that Plaintiffs' new argument does not resolve other questions, such as "the requisite 'position' of the base pairing . . . or the degree to which the expression is 'enhanced.'" (*Id.* at 4).

4

669, 677 (3d Cir. 1999) (citation omitted).  "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).  "A motion for reargument/reconsideration is not appropriate to reargue issues that the court has already considered and decided." *Justice v. Att'y Gen. of Del.*, 2019 WL 927351, at *2 (D. Del. Feb. 26, 2019).

Plaintiffs do not argue that there has been a change in controlling law, or that new evidence is available.  (*See generally* D.I. 269).  I therefore only consider the final prong—whether reconsideration would correct a legal or factual error.  I conclude Plaintiffs have failed to show that reconsideration is needed.

The present motion advances various new arguments that were not raised at the claim construction stage.  In the original briefing, Plaintiffs never argued that the patent teaches a particular threshold for the required amount of intrastrand base pairing, much less that the threshold is 25%.  (*See* D.I. 101 at 37–39, 41, 44–47).  As Defendants note, Plaintiffs instead "oscillated" between arguing that the intent is to have no intrastrand base pairing and that there must be "some" intrastrand base pairing.  (*Compare* D.I. 177 at 61:13–14 ("The intent is to have no intrastrand base pairing when you put that stuffer sequence in."), *with id.* at 63:13–24 (stating "you might get a palindrome of some short segment that doesn't have any importance biologically"), *and* D.I. 269 at 7 ("[H]aving absolutely no intrastrand base pairing is an impossibility of molecular biology.")).  Plaintiffs also never mentioned statistical significance or purported differences between the "sufficient" claims and the "sequence complexity" and "along most or all" claims.  (*See generally* D.I. 101 at 37–39, 41, 44–47; D.I. 177 at 58:13–65:9, 80:13–

85:21).  In addition to not making these arguments before, Plaintiffs do not attempt to explain any reason for failing to do so.

Plaintiffs' motion thus advances arguments that have been waived.[8]  *See, e.g., Golden Bridge Tech., Inc. v. Apple Inc.*, 758 F.3d 1362, 1369, 1371 (Fed. Cir. 2014) ("An argument made for the first time in a motion for reconsideration comes too late and is ordinarily deemed waived."); *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991) ("The motion for reconsideration should not be used as a substitute for appeal or as a mechanism to present arguments inexcusably omitted in the prior proceeding.").  I will therefore not reconsider my finding of indefiniteness.  I also do not think that Plaintiffs have shown why a ruling on indefiniteness should be deferred.

Even if Plaintiffs' new arguments were not forfeited/waived, however, the arguments do not support reconsideration.

The patents do not support reading a threshold of 25% into the minimum amount of intrastrand base pairing in the asserted claims.  The specification of the '535 patent merely states, "[T]he extent of intrastrand base pairing need not be 100% of the sequence but may be at least about any of the following: 25%, 40%, 50%, 60%, 65%, 70%, 75%, 80%, 85%, 88%, 90%, 92%, 95%, 98%, 99%." ('535 patent at 10:65–11:1).  At best, this language provides examples of permissible amounts of intrastrand base pairing.  I do not think, however, that the specification shows there is no enhanced expression below 25%.

---

[8] I say "waived" because that is the language the Federal Circuit has used.  Recently, it has become clear that the Third Circuit would use the word "forfeited" for the same concept.  *See In re: Niaspan Antitrust Litig.*, 67 F.4th 118, 135 (3d Cir. 2023); *Jaludi v. Citigroup*, 933 F.3d 246, 256 n.11 (3d Cir. 2019).

Plaintiffs also do not point to anything in the specification that discusses statistical significance. (*See* D.I. 269 at 8 (contending "Novartis never argued that this increase [in expression] was not statistically significant")). Terms may be construed to require statistical significance if the evidence indicates such a requirement. *See, e.g.*, *Marical Inc. v. Cooke Aquaculture Inc.*, 2016 WL 4579074, at *3–4 (D. Me. Sept. 2, 2016) (relying on a patent's specification and multiple expert witnesses to construe "significantly increased level" to mean a statistically significant increase). Here, however, the evidence does not indicate that the amount of additional expression required is a statistically significant amount. Plaintiffs' position would import limitations into the asserted claims.

Plaintiffs' contentions about differences between "sufficient" claims and other asserted claims are unpersuasive as well. Even if Plaintiffs could support these contentions with evidence in the record, which I do not think they can, the asserted claims would be indefinite because they fail to provide a person of ordinary skill with reasonable certainty about how much additional expression is required.

Lastly, I agree with Defendants that my ruling does not depend on any effect the stuffer sequences may have on base pairing and expression.

I thus **DENY** Plaintiffs' motion for reargument and reconsideration. (D.I. 269).

IT IS SO ORDERED.

Entered this 12th day of January, 2024

/s/ Richard G. Andrews
United States District Judge